UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DANIEL W. AUGUSTIN, :
:
              Petitioner, :
: 20-cv-4862 (LJL)
   -v- :
: ORDER
:
THOMAS DECKER, ET AL., :
:
             Respondents. :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/8/2020

LEWIS J. LIMAN, United States District Judge:

      Petitioner Daniel Wilson Augustin is a 42-year-old citizen of Haiti who suffers from various health issues. (Dkt. No. 1.) He is currently detained by United States Immigration and Customs Enforcement ("ICE") at Bergen County Jail in Hackensack, New Jersey in connection with his removal proceedings. (*Id.*) On June 24, 2020, Mr. Augustin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his present detention. (*Id.*) The petition alleges that the spread of COVID-19 at Bergen County Jail unlawfully endangers his life without due process of law. (*Id.*) The next day—June 25, 2020—Mr. Augustin filed an emergency application for an order to show cause, preliminary injunction, and temporary restraining order. (Dkt. No. 3.) The Court held a hearing that day. (*See* Dkt. No. 5.) After the hearing, on consent of the parties, the Court ordered the Respondents' opposition to be filed no later than July 6, 2020 and Petitioner's reply to be filed no later than July 13, 2020. (Dkt. No. 7.) The Court also set a telephonic preliminary injunction hearing for July 17, 2020. (*Id.*)

      On June 29, 2020, Respondents filed a motion to transfer venue to the District of New Jersey. (Dkt. No. 11.) The Court ordered Petitioner to file a response to that motion no later than July 2, 2020. (Dkt. No. 14.) Petitioner timely filed the response (Dkt. Nos. 15–17) and Respondents replied (Dkt. No. 18).[1]

      Petitioner argues that Mr. Augustin's "immediate custodian" is New York ICE Field Office Director Thomas Decker, not the warden of Bergen County Jail. (Dkt. No. 15 at 11–12 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).) He asserts that the warden of the Bergen County Jail merely operates as an employee or agent of New York ICE, pursuant to a contractual relationship between ICE and the local detention facility. As both parties acknowledge, numerous decisions in this District have addressed this question, with the majority deeming venue improper in analogous cases. (*See* Dkt. No. 12 at 12–13; Dkt. No. 15 at 6–7;

---

[1] On July 6, 2020, Respondents filed an opposition to the habeas petition and application for preliminary injunction. (Dkt. Nos. 19–25.)

Dkt. No. 18 at 2–3.)

This Court's independent assessment of the law leads it to align with that majority, and with Respondents. The warden of the Bergen County Jail is Mr. Augustin's immediate physical custodian. The United States District Court for the District of New Jersey surely has the power to compel the warden to release Mr. Augustin, notwithstanding any contractual relationship between the warden's facility and ICE. As the Honorable Valerie E. Caproni has persuasively explained:

> Petitioner may be right that he is detained in the [out-of-district facility] only because ICE has contracted with the Facility to house Petitioner; that, by contrast, the Facility's warden may move Petitioner only with ICE's written consent; that ICE regulations purport to limit the warden's ability to file papers responsive to habeas proceedings like this one; and that "Respondent Decker dictates every aspect of petitioner's detention, transport, transfer, and release." But these circumstances do not change the fact that the warden of the [out-of-district facility] is, quite literally, Petitioner's "immediate physical custodian" and thus the proper respondent to whom this petition must be directed. *Padilla*, 542 U.S. at 439. And because the Court can identify such an immediate *physical* custodian, any inquiry into who exercises legal custody of Petitioner is irrelevant. *Id*. ("As we have explained, identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.' In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").
>
> This is so notwithstanding the existence of [contractual] rules purporting to restrict the power of the [out-of-district facility's] warden to produce Petitioner or respond to a habeas petition. A federal court's authority "to issue an order directing the respondent to show cause why the writ should not be granted," to "make a return certifying the true cause of the detention," "to produce at the hearing the body of the person detained," and (potentially) to release the petitioner is conferred by statute, 28 U.S.C. § 2243, and thus may not be derogated by agency regulations or, even less authoritatively, an agreement between federal and state authorities like the [contract] at issue here. If a court ultimately orders the warden of the [out-of-district facility] to show cause for Petitioner's detention; to produce Petitioner for a hearing; to give him a bond hearing or release him; or to release him, period, then the warden must do so—or refuse at his peril.

*Lizardo v. Whitaker*, 2018 WL 6444371, at *2–3 (S.D.N.Y. Dec. 5, 2018) (internal citations omitted).

For the foregoing reasons, Respondents' motion to transfer venue (Dkt. No. 11) is GRANTED. All previously-scheduled deadlines and conferences in this case are CANCELLED.

      The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the District of New Jersey.  In light of the liberty interests at stake, including the risks that continued confinement may pose to Petitioner's health, the Court waives the seven-day waiting period articulated in Local Civil Rule 83.1 and directs the Clerk of Court to effectuate the transfer as soon as possible.

      SO ORDERED.

Dated: July 8, 2020  
      New York, New York                                     LEWIS J. LIMAN  
                                                                United States District Judge